UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID F. PALMER,**

    **Plaintiff,**

**v.**

**CITY OF TALLAHASSEE,
and HOLLY LOFLAND, individually,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, **DAVID F. PALMER**, sues Defendant, **CITY OF TALLAHASSEE,** and **HOLLY LOFLAND, individually** and alleges:

## JURISDICTION

1. This is an action involving damages exceeding Fifteen Thousand Dollars ($15,000). This action is brought under the common law of the state of Florida, under 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution and laws of the United States, and under 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983. Jurisdiction of

this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein were submitted on or about September 28, 2009 pursuant to §768.28(6), Florida Statutes. No response was received by Plaintiff or counsel; therefore they are deemed denied by operation of law.

## PARTIES

3. Plaintiff, David F. Palmer ("Plaintiff"), at all times pertinent to this action, has been a resident of Leon County, Florida. The incidents alleged herein occurred in Leon County, thus Plaintiff is *sui juris*.

4. Defendant CITY OF TALLAHASSEE operates TALLAHASSEE POLICE DEPARTMENT (hereinafter "TPD") and has been organized and existing under the laws of the State of Florida. This Defendant employed Defendant HOLLY LOFLAND during the relevant times.

5. Defendant, HOLLY LOFLAND (hereinafter "LOFLAND"), at all times pertinent hereto, was employed by the TPD. The actions complained of herein occurred in Leon County and she is sued in her individual capacity.

## NATURE OF THE ACTION

6. Plaintiff was involved in a multiple car accident on or about May 13, 2007. Defendant TPD was the responding agency and took the lead investigative role with respect to establishing fault and/or pursuing criminal charges for violations of traffic laws and/or

2

other criminal statutes after investigation into the accident. No witness at the scene of the accident could identify the driver of the car that contained Plaintiff. The vehicle involved in the accident only contained two persons of driving age, the Plaintiff and his brother, Miguel Palmer.

7.      Immediately after this traffic incident, Plaintiff made statements relating that he was not the driver of the vehicle involved in the accident, however he knew such to be false. He was concerned that if he admitted driving, that he would be arrested for Driving on a Suspended Licence. Instead Plaintiff asserted that his brother, Miguel Palmer, was the driver and operator of the vehicle.

8.      Thereafter Plaintiff's brother was subsequently arrested for DUI after blood testing indicated that his blood alcohol level was above statutory thresholds for such offence. Between the date of the accident and the date his arrest on July 17, 2009, Miguel Palmer asserted on at least two occasions to agents/employees of Defendant TPD that he was not the driver of the vehicle involved in the accident. Defendant LOFLAND was aware of these instances in which Miguel Palmer asserted that he was not the driver of the vehicle involved in the accident.

9.      Pursuant to a statutory right, Miguel Palmer requested a Department of Highway Safety and Motor Vehicles (DHSMV) hearing regarding the suspension of his driving privilege. This hearing occurred on or about September 20, 2007.

10.     During the above described DHSMV hearing, the Plaintiff asserted the he was indeed the driver of the vehicle, despite his prior denial at the accident scene that he was not

the driver. Defendant LOFLAND was at said hearing and coerced accident witness David Kamataris to appear in an effort for him to testify that Miguel Palmer was the driver, so as to bolster criminal DUI charges against Miguel Palmer. This witness declined to testify as to which of the brothers was the driver of the vehicle as he did not personally witness either person exit the vehicle. Miguel Palmer testified within this hearing that he had asked the Plaintiff(i.e. David Palmer) to drive because he was to intoxicated and was actually asleep in the vehicle when the accident occurred.

11. Subsequent to the DHSMV hearing, Defendant LOFLAND stopped the witness, David Kamataris, in the parking lot. She requested that David Kamataris make a sworn statement to assist in the investigation into criminal charges against Miguel Palmer as pursued by Defendant TPD. However Defendant LOFLAND requested that Kamataris meet her in a different parking lot, removed from the offices of DHSMV.

12. The statement provided by Kamataris, indicated that "of the 2 guys in the car, the driver was shorter than the other. the 2 guys look alike but the driver of the vehicle was shorter." In a later sworn statement provided in or about May 7, 2009, Kamataris explained that "Lofland told me the driver of the vehicle was Miguel Palmer, the shorter of the two brothers and wanted me to write that in the statement. I felt like I was under pressure from Officer Lofland in writing what she wanted me to put down. I saw both brothers by the vehicle at the time of the accident, but I did not know which was the driver". These combined statement indicates a complete lack of knowledge as to the driver of the vehicle.

13. On or about September 24, 2007 Defendant LOFLAND met with another witness, Eddie Agramonte to obtain a sworn statement. His statement explained that he believed he saw the shorter of the two Hispanic males limping from the driver's side of the vehicle. Later Defendant LOFLAND would seriously exaggerated the nature, context, and facts of Agramonte's statement to include within a "Perjury Incident Report" she filed relating to the Plaintiff's testimony at the DHSMV hearing. Such exaggeration is outlined below.

14. Defendant LOFLAND met with Florida State university Police Officer Brett Sheffield on or about September 27, 2007 in an effort to obtain information about the traffic accident. Officer Sheffield and fellow FSU PD Officer Richard Wooten had responded to the accident, but neither witnessed who the driver of the vehicle was. Officer Sheffield would later state: "I explained to Officer Lofland that I understand the importance of being able to place a driver behind the wheel but Officer Wooten and I couldn't place any other driver behind the wheel." Officer Sheffield's statement categorically excludes any knowledge of whether Miguel and David Palmer were operators of the vehicle and his statement has no basis to establish that the statement made by David Palmer within the DHSMV hearing was false.

15. On or about September 25, Defendant LOFLAND did swear out a "Perjury Incident Report" and complete a Probable Cause Affidavit in regards to Plaintiff's testimony at the DHSMV hearing. Each of these documents is a form of process in common legal usage. Within such reports she would: falsely assert that FSU PD Officers witnessed the

5

occupants of the vehicles exiting the vehicle, that Officer Wooten saw "the shorter of the two...lying on the ground...was the driver..", that Officer Wooten witnessed Miguel Palmer exit the driver's side of the vehicle (indicating he not the Plaintiff was the driver), that witness Agramonte provided a sworn affidavit indicating that he is Hispanic and could differentiate between browns(Hispanics), that Kamataris could identify the driver – despite his testimony at the hearing that he could not.

16. The above actions of Defendant LOFLAND were malicious an in a manner contemplated to falsely accused David Palmer of perjury within the DHSMV hearing. Despite that Defendant LOFLAND had absolutely no knowledge nor was there a shred of proof of whether David was or was not driving the vehicle, she continued the legal processes above up to and including the arrest and detention of the Plaintiff in jail for 3 months.

17. Plaintiff was advised to plea to the Perjury charge by his public defender, however maintains that the allegations against him were false and maliciously asserted. Defendants use of the Perjury Incident Report and Probable Cause Affidavit were not explicitly used for the intended purpose to prosecute the Plaintiff, but were instead an effort to falsely accuse him so as to bolster her criminal DUI case against Miguel Palmer.

18. Defendant LOFLAND was dismissed from her position with Defendant TPD in part, if not wholly based on the above described incident. Moreover, Defendant LOFLAND, was brought up on criminal charges under F.S. 838.022(1) and would negotiate a plea whereby she would be stripped of her law enforcement credentials and could no longer be in the employ of Defendant TPD or any other law enforcement agency whatsoever.

19.     Defendant TPD knew that Defendant LOFLAND had prior incidences of false testimony in DUI criminal trials and other similar investigations and should have taken corrective action including termination of her employment with Defendant TPD. Instead, TPD did nothing. But for Defendant TPD failures, the above described course of events could not have occurred and the Plaintiff would not have been subjected to the penalties described herein.

## COUNT I - NEGLIGENCE[1]

20.     Paragraphs 1 through 19 are hereby realleged and incorporated herein by reference.

21.     This is an action against Defendant TPD for negligence and is pled in the alternative.

22.     Defendant TPD had a duty to Plaintiff because he was in the foreseeable zone of risk to be harmed by actions of this Defendant.

23.     This duty arises from the fact that Plaintiff was detained by Defendant TPD through the actions of Lofland and taken into custody. This duty arose because of the special relationship between Defendant TPD and Plaintiff and/or because the injuries were within a foreseeable zone of risk created when Plaintiff was arrested by Defendant TPD. Once Plaintiff was restrained of his liberty and/or was the subject to Lofland's investigation, he

---

[1] The actions of Defendant TPD that are complained of herein are "operational" functions, i.e., functions that are not necessary to or inherent in policy or planning, that merely reflect a secondary decision as to how those policies or plans will be implemented.

was in the foreseeable zone of risk and a duty of care arose. Alternatively, because of the relationship between Plaintiff and the Defendant TPD, this Defendant had a special relationship with Plaintiff.

24. Defendant TPD breached its duty to properly supervise its employees including but not limited to Defendant LOFLAND and/or to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal activity so that persons are not falsely accused.

25. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Defendants are jointly and severally liable to Plaintiff.

## COUNT II - NEGLIGENT RETENTION

26. Paragraphs 1 through 19 are realleged and incorporated herein by reference. This is an action against Defendant TPD for negligent retention and is pled in the alternative.

27. Defendant TPD knew or should have known that Defendant LOFLAND was making up facts to support arrests, planting evidence at alleged crime scenes to concoct criminal charges against citizens of the State of Florida and elsewhere, that she repeated and continually lied to cover up her wrongdoing, that time after time, criminal defense attorneys and others in the community were aware that Lofland repeatedly contrived allegations against

citizens to support false arrests and that she repeatedly committed perjury and other acts of gross failures in her duties as a sworn law enforcement officer.

28. Based on such prior false testimony and other acts of gross misconduct, Defendant TPD should have taken corrective action including the termination of Defendant LOFLAND long before she had a chance to falsify yet another report against another citizen, namely Plaintiff. Sworn law enforcement officers require a high level of integrity in their interaction with the community at large, and Defendant LOFLAND's prior actions demonstrate a total lack of integrity, including prior false testimony and or perjury within judicial and law enforcement settings.

29. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Defendants are jointly and severally liable to Plaintiff.

## COUNT III - ABUSE OF PROCESS

30. Paragraphs 1 through 19 are realleged and incorporated herein by reference. This is an action against Defendants for abuse of process and is pled in the alternative.

31. On or about September 25, 2007 Defendant LOFLAND, on behalf of TPD, did cause process in the form of a Perjury Incident Report and/or Probable Cause Affidavit to issue.

9

32. The purpose of such process was not to cause the arrest of the Plaintiff, however was intended to falsely accuse the Plaintiff of perjury, despite a total lack of probable cause or evidence to believe such perjury occurred. Moreover, Lofland solicited false statements in the form of affidavits to be used against Plaintiff to obtain process and criminal charges against him. She did this to effect an arrest of Plaintiff that was not supported in law or fact and to get David Palmer to change his <u>truthful</u> testimony.

33. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Defendants are jointly and severally liable to Plaintiff.

## COUNT IV - FALSE ARREST/IMPRISONMENT AGAINST TPD

34. Paragraphs 1 through 17 are hereby realleged and incorporated herein by reference.

35. This is an action against Defendant TPD for false imprisonment/false arrest and is pled in the alternative.

36. Plaintiff is entitled to relief against Defendant TPD in that on or about September 25, 2007, TPD, through its employees and agents, intentionally and unlawfully arrested and restrained Plaintiff against his will, deprived Plaintiff of his liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of

time.  The actions by the employees and agents of Defendant TPD were committed within the course and scope of their employment with Defendant TPD.

37. This unlawful restraint of Plaintiff's liberty was also accomplished by Defendant's agents confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where he did not wish to go.  Defendant restrained Plaintiff without any justification and in the absence of probable cause or probable cause created through false testimony of its agent Defendant LOFLAND.

38. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his places of confinement.

39. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable to Plaintiff.

**COUNT V - FALSE ARREST/IMPRISONMENT AGAINST LOFLAND**

40. Paragraphs 1 through 19 are hereby realleged and incorporated herein by reference.

41. This is an action against Defendant LOFLAND in her individual capacity and is pled in the alternative. For the purpose of this Count alone, Officer was acting outside the course and scope of her duties and employment with TPD.

42. Plaintiff is entitled to relief against Defendant LOFLAND in that this Defendant intentionally and unlawfully arrested and restrained Plaintiff against his will; deprived Plaintiff of his liberty without any reasonable cause or color of authority; and maintained such complete restraint and deprivation for a period of time.

43. This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where the Plaintiff did not wish to go. Defendant restrained Plaintiff without any justification and in the absence of probable cause or probable cause created through false testimony of its agent Defendant LOFLAND.

44. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement. This Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

45. As a direct and proximate cause of these Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages

have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable.  Plaintiff is entitled to punitive damages against Defendant Officer.

### COUNT VI - MALICIOUS PROSECUTION AGAINST LOFLAND

46. Paragraphs 1 through 19 are hereby realleged and incorporated herein by reference.

47. This is an action against Defendant LOFLAND for malicious prosecution and is pled in the alternative.  For the purpose of this Count alone, Defendant LOFLAND was acting outside the course and scope of her employment with TPD.

48. On or about September 25, 2007, LOFLAND caused the commencement and/or continuation of a criminal proceeding against Plaintiff.  If not for the false testimony within the Probable Cause Affidavit and/or Perjury Incident Report, solicited and obtained by Lofland, this proceeding would have terminated in favor of Plaintiff.

49. There was no probable cause or reasonable basis in fact or in law for Officer to cause the commencement of the criminal proceedings against Plaintiff and the only probable cause existing was created based upon false testimony submitted by Defendant LOFLAND.

50. Defendant Officer acted with malice in initiating the criminal proceedings against Plaintiff and in making his arrest and this Defendant knew that his actions against Plaintiff were not supported by even arguable probable cause.

51. As a direct and proximate cause of this Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein. Plaintiff is entitled to punitive damages against Defendant Officer.

### COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST LOFLAND

52. Paragraphs 1 though 19 are realleged and are incorporated herein by reference. This Count is pled in the alternative.

53. This is an action against Defendant LOFLAND for the conduct described herein, including the unjustified, reckless treatment of Plaintiff by way of Defendant falsely swearing an affidavit leading to his arrest. This conduct by Defendant constitutes extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency. Defendant LOFLAND conduct was the proximate cause of Plaintiff's emotional distress and Plaintiff's emotional distress was severe. Defendant's conduct constitutes the actionable tort of intentional infliction of emotional distress.

54. Defendant intentionally harmed Plaintiff falsely accusing him of a very serious crime. These actions of Defendant were made in bad faith and with a malicious purpose and with a willful disregard for Plaintiff's rights.

55. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff was injured and sustained economic damages, including lost income, sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Plaintiff's damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future. Plaintiff is entitled to punitive damages against Defendant Officer. Defendants are jointly and severally liable.

### COUNT VIII - FOURTH AMENDMENT VIOLATION

56. Plaintiff re-alleges paragraphs 1 through 54 above and incorporates those allegations in this Count. This Count is pled in the alternative and is against both Defendants under and through 42 U.S.C. §1983.

57. Defendants operated to violate Plaintiffs rights under the Fourth Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from being falsely arrested. All such claims are applicable to Defendants under the Fourteenth Amendment.

58. These violations were of the type and character as to which any reasonable person would be aware. There was no probable cause to arrest Plaintiff and at the moment the arrest of the Plaintiff was made, the facts and circumstances within Defendants' knowledge and of which they had reasonably trustworthy information were not sufficient to

warrant a prudent man or woman in believing that Plaintiff had committed or was committing an offense.

59. Defendants are persons under applicable law and are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution

60. Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

61. The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff' rights, and were taken without any lawful justification and/or in the absence of probable cause.

62. Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff.  The law was well settled and clearly established that the actions of the Defendants' constituted false arrest at the time the actions by these Defendants were committed.

63. The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded the facts or absence thereof and caused Plaintiff's arrest.

64. Defendant TPD acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to a person like Plaintiff.

65. Defendant TPD also failed to implement adequate hiring, training, staffing and supervisory procedures to properly identifying suspects of crimes, to identify officers like Lofland who falsified facts to support probable cause to arrest a person like Plaintiff, and to prevent deputies from soliciting false affidavits to support probable cause affidavits. Defendant City also failed to implement adequate procedures to investigate constitutional violations by its officers and to impose discipline on then, specifically Lofland, when they engage in constitutional violations.

66. Defendant TPD thus engaged in a custom and practice of allowing Lofland to make false statements in judicial proceedings with immunity. After knowledge, time after time, that she was making up facts to support criminal charges brought by her, TPD did nothing. Consequently, it condoned and approved her actions and she acted in accordance therewith. Defendant TPD's failure to train, supervise, investigate and discipline Lofland constitutes either an improper policy or the absence of a policy of the Defendant TPD which resulted in the deliberate indifference to the constitutional rights of the Plaintiff. The actions of Defendant TPD and Lofland resulted in the violation of Plaintiff's constitutional rights.

67. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity

17

for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

68. Based on the willful and malicious conduct of Defendant Lofland, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against her sued in her individual capacity.

69. Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That process issue and this Court take jurisdiction over this case;

B. Judgment against the Defendants and for the Plaintiff awarding damages against Defendants including punitive damages against Defendant Lofland for the violations of law enumerated herein;

C. Prejudgment interest on monetary recovery obtained pursuant to law;

D. Attorneys fees and costs, under the counts for which fees are properly awarded, and

E. Such further relief as is equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 23rd day of September 2011.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF