IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID F. PALMER,

    Plaintiff,

vs.                              CASE NO.: 4:11cv484-RH-WCS

CITY OF TALLAHASSEE, and
HOLLY LOFLAND, individually,

    Defendants.
_____

**CITY OF TALLAHASSEE'S ANSWER
<u>AND AFFIRMATIVE DEFENSES</u>**

Comes now Defendant, City of Tallahassee (the City), by and through its undersigned counsel, and files the following answer and affirmative defenses to the plaintiff's complaint:

**JURISDICTION**

1.    Defendant admits the allegations of paragraph 1, but denies any implication that plaintiff is entitled to any relief herein.

2.    Denied.

**PARTIES**

3.    Admitted.

4.    Admitted.

5.  Paragraph 5 relates only to defendant Holly Lofland (Lofland) and as such the City is without knowledge as to, and therefore denies, all of the allegations set forth therein.

## NATURE OF THE ACTION

6.  Admitted, except that the City is without knowledge as to whether there are no witnesses that can identify the driver of the car involved in the accident in question, and therefore denies such allegation.

7.  The City admits that plaintiff admitted being the driver of the car involved in the accident in question, but denies all remaining allegations of paragraph 7 of plaintiff's complaint.

8.  Admitted, except that the City is without knowledge as to what Lofland was aware of relating to Miguel Palmer's contention that he was not the driver of the car involved in the accident in question and therefor denies those allegations.

9.  Denied, except that the City admits a hearing was conducted on or about September 20, 2007.

10. Denied, except that the City admits that plaintiff asserted at the hearing that he was the driver of the car involved in the accident in question.

11. The City is without knowledge as to the allegations of paragraph 11 of plaintiff's complaint and therefore denies same.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The City is without knowledge as to the allegations of paragraph 11 of plaintiff's complaint and therefore denies same.

18. Denied.

19. Denied.

## COUNT I

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT II

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT III

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT V

40-45. Paragraphs 40 to 45 to only to defendant Lofland and as such the City is without knowledge as to, and therefore denies, all of the allegations set forth therein.

## COUNT VI

46-51.   Paragraphs 45 to 51 to only to defendant Lofland and as such the City is without knowledge as to, and therefore denies, all of the allegations set forth therein.

## COUNT VII

52-55.   Paragraphs 52 to55 to only to defendant Lofland and as such the City is without knowledge as to, and therefore denies, all of the allegations set forth therein.

## COUNT VIII

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67. Denied.

68. Denied.

69. Denied.

70. A jury trial is demanded on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to allege sufficient allegations to state a claim for which relief can be granted.

### Second Affirmative Defense

Any actions by Lofland towards plaintiff were in good faith and without malice and based on facts and circumstances observed by Lofland.

### Third Affirmative Defense

The conduct of the City was not the proximate cause of any injury to the plaintiff because of circumstances and events leading to the alleged injuries were not foreseeable to defendants, were consequences of the conduct of the plaintiff, and were so remote in time and place from the City's conduct.

### Fourth Affirmative Defense

Plaintiff have failed to fully comply with the mandatory notice provisions contained in Florida Statute § 768.28.

### Fifth Affirmative Defense

At times materials hereto, probable cause existed for the arrest of plaintiff. Furthermore, probable cause continued to exist throughout the prosecution of plaintiff. At the very least, Lofland had arguable probable cause that allowed her to arrest plaintiff.

## Sixth Affirmative Defense

Plaintiff has failed to mitigate his damages.

## Seventh Affirmative Defense

There is no evidence to support the existence of any policy, custom, or practice created or maintained by the City which in and of itself deprived the plaintiff of any civil or constitutional right, or which was the moving force behind any unconstitutional conduct of its employees or agents which was the legal cause of damage to the plaintiff.

## Eighth Affirmative Defense

The City is entitled to all provision and statutory caps as fully set forth in Florida Statutes § 768.28.

## Ninth Affirmative Defense

The City is entitled to any setoff of any annual payments or collateral sources that plaintiff received or is entitled to receive from any third parties as a result of his alleged injuries pursuant to Florida Statute § 768.76.

### Tenth Affirmative Defense

At no time did Lofland actually deprive plaintiff of his clearly established constitutional rights.

### Eleventh Affirmative Defense

As a matter of law, the City of Tallahassee is not liable based on vicarious liability, joint and several liability, or respondeat superior.

### Twelfth Affirmative Defense

At all times pertinent hereto Lofland was acting within the scope and authority of her employment with the City as a Tallahassee police officer.

### Thirteenth Affirmative Defense

Plaintiff has unclean hands.

### Fourteenth Affirmative Defense

The City affirmatively incorporates applicable defenses raised by other defendants in this matter.

### Fifteenth Affirmative Defense

The City reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered plaintiff's complaint, and having set forth the affirmative defenses thereto, the City respectfully prays that plaintiff's complaint be dismissed in its entirety and/or that judgment be entered against

plaintiff and in favor of the City on all or part of plaintiff's claims, and that further, the City be awarded its costs in defending this action including reasonable attorney's fees under the statutory sections cited in the complaint, and such and further relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail via CM/ECF to Marie A. Mattox,, Esq., on this 26th day of October 2011.

*s/ Billy J. Hendrix*
BILLY J. HENDRIX
Assistant City Attorney
FBN:  849529
City Attorney's Office
300 South Adams Street, Box A-5
Tallahassee, FL 32301
(850) 891-8554
Fax: (850) 891-8973
Billy.Hendrix@talgov.com
ATTORNEYS FOR THE CITY OF TALLAHASSEE